

ENTERED
12/30/2020

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| TWO WHEELS PROPERTIES, LLC. | § | CASE NO: 20-35372 |
|    Debtor | § | |
| | § | CHAPTER 11 |

### MEMORANDUM OPINION

A corporation forfeited for tax purposes has one option under Texas state law—to liquidate. Such a corporation cannot take shelter in the bankruptcy court to continue its business functions in contravention of state law. Despite having forfeited its corporate charter prior to the entry for the order of relief, Two Wheels Properties, LLC, filed the instant chapter 11, subchapter V proceeding. That begs the question: can Two Wheels Properties, LLC, properly come before this Court as a debtor? For the reasons set forth herein, this Court finds that Two Wheels Properties, LLC, is not eligible to be a debtor under chapter 11, subchapter V of the United States Bankruptcy Code and the case will be dismissed.

### I. Findings of Fact

This Court makes the following findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 9014 and 7052, which incorporates Federal Rule of Civil Procedure 52. To the extent that any finding of fact constitutes a conclusion of law, it is adopted as such. To the extent that any conclusion of law constitutes a finding of fact, it is adopted as such. This Court made certain oral findings and conclusions on the record. This Memorandum Opinion supplements those findings and conclusions. If there is any inconsistency, this Memorandum Opinion controls.

Two Wheels Properties, LLC ("*Debtor*"), was dissolved by forfeiture of its charter by the Texas Secretary of the State on February 2, 2018.[1] On November 2, 2020, Debtor filed its initial petition under chapter 11, subchapter V of title 11 of the Code.[2] On December 8, 2020, the Court held its initial status conference with the Debtor. At the status conference the Court, sua sponte, questioned the Debtor's standing to file a chapter 11 proceeding given forfeiture of its Texas corporate charter. The Court ordered briefing on the issue. Briefing is now closed and the matter is ripe for determination.

## II. Conclusions of Law

### A. Jurisdiction and Venue

This Court holds jurisdiction pursuant to 28 U.S.C. § 1334, which provides that "the district courts shall have original and exclusive jurisdiction of all cases under title 11." Section 157 allows a district court to "refer" all bankruptcy and related cases to the bankruptcy court, wherein the latter court will appropriately preside over the matter.[3] This court determines that pursuant to 28 U.S.C. § 157(b)(2)(A) and (O), this proceeding contains core matters, as it primarily involves proceedings concerning the administration of this estate and the liquidation of assets of this estate or the adjustment of the debtor-creditor relationship.[4] This proceeding is also core under the general "catch-all" language because such a suit is the type of proceeding that can only arise in the context of a bankruptcy case.[5] Determination of whether Two Wheels Properties, LLC, is properly a debtor pursuant to 11 U.S.C. § 109 can only occur in a bankruptcy court. There is no

---

[1] ECF No. 31, Ex. 1.
[2] Any reference to "Code" or "Bankruptcy Code" is a reference to the United States Bankruptcy Code, 11 U.S.C., or any section (i.e.§) thereof refers to the corresponding section in 11 U.S.C.
[3] 28 U.S.C. § 157(a); *see also* In re: Order of Reference to Bankruptcy Judges, Gen. Order 2012-6 (S.D. Tex. May 24, 2012).
[4] *See* 28 U.S.C. § 157(b)(2)(A), (O).
[5] *See Southmark Corp. v. Coopers & Lybrand (In re Southmark Corp.)*, 163 F.3d 925, 930 (5th Cir. 1999) ("[A] proceeding is core under § 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case.") (quoting *Wood v. Wood (In re Wood)*, 825 F.2d 90, 97 (5th Cir. 1987)).

state law equivalent for this action.

This Court may only hear a case in which venue is proper.[6] 28 U.S.C. § 1409(a) provides that "a proceeding arising under title 11 or arising in or related to a case under title 11 may be commenced in the district court in which such case is pending." The Debtor's chapter 11, subchapter V case is presently pending in this Court; therefore, venue of this proceeding is proper.

### B. Constitutional Authority to Enter a Final Judgment

This Court has an independent duty to evaluate whether it has the constitutional authority to sign a final order.[7] In *Stern,* which involved a core proceeding brought by the debtor under 28 § 157(b)(2)(C), the Supreme Court held that a bankruptcy court "lacked the constitutional authority to enter a final judgment on a state law counterclaim that is not resolved in the process of ruling on a creditor's proof of claim."[8] As indicated above, the pending matter before this Court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O). The ruling in *Stern* was limited only to the one specific type of core proceeding involved in that dispute, which is not implicated here. Accordingly, this Court concludes that the narrow limitation imposed by *Stern* does not prohibit this Court from entering a final order in this case.[9]

Alternatively, even if *Stern* applies to all of the categories of core proceedings brought under § 157(b)(2),[10] this Court still concludes that the limitation imposed by *Stern* does not pro-

---

[6] 28 U.S.C. § 1408.
[7] *Stern v. Marshall*, 564 U.S. 462 (2011). *But see Wellness Int'l Network v. Sharif*, 135 S. Ct. 1932, 1938-39 (2015) (holding that parties may consent to jurisdiction on non-core matters).
[8] 564 U.S. at 503.
[9] *See, e.g.*, *Badami v. Sears (In re AFY, Inc.),* 461 B.R. 541, 547-48 (8th Cir. BAP 2012) ("Unless and until the Supreme Court visits other provisions of Section 157(b)(2), we take the Supreme Court at its word and hold that the balance of the authority granted to bankruptcy judges by Congress in 28 U.S.C. § 157(b)(2) is constitutional."); *see also Tanguy v. West (In re Davis),* No. 00-50129, 538 F. App'x 440, 443 (5th Cir. 2013) ("[W]hile it is true that *Stern* invalidated 28 U.S.C. § 157(b)(2)(C) with respect to 'counterclaims by the estate against persons filing claims against the estate,' *Stern* expressly provides that its limited holding applies only in that 'one isolated respect' . . . . We decline to extend *Stern's* limited holding herein.") (citing *Stern*, 564 U.S. at 475, 503).
[10] *see First Nat'l Bank v. Crescent Elec. Supply Co. (In re Renaissance Hosp. Grand Prairie Inc.),* 713 F.3d 285, 294 n.12 (5th Cir. 2013) ("*Stern's* 'in one isolated respect' language may understate the totality of the encroachment

hibit this Court from entering a final order in the matter at bar. In *Stern,* the debtor filed a counterclaim based *solely* on state law; conversely, here, whether Two Wheels Properties, LLC may be a debtor is based *primarily* on an express provision of the Bankruptcy Code—11 U.S.C. § 109—and judicially-created bankruptcy law interpreting that provision. This Court is therefore constitutionally authorized to enter a final order.

### C. Whether Two Wheels Properties, LLC, a forfeited Texas entity, is a proper debtor.

In its brief, Debtor cites to two courts who have opined whether debtors are able to seek bankruptcy relief in the name of the forfeited corporation. The *ABZ* Court held that a forfeited corporation under the Texas Tax Code was eligible for bankruptcy relief within three years of dissolution because the Code provided that dissolved corporations continue their existence for three years following dissolution for limited purposes of liquidation and distribution of assets.[11] The *American Heartland* Court held that a corporation that was forfeited under the Texas Tax Code more than ten years earlier could not file chapter 7 bankruptcy because its existence as a dissolved corporation for purposes of winding down its operations continued for only three years following its dissolution.[12] Based on those cases, Debtor concludes that Two Wheel Properties, LLC, is properly a debtor in this case because three years have not lapsed since its forfeiture.

Pursuant to § 109 only a "person" may be a debtor under chapter 11.[13] Additionally, for purposes of subchapter V, a "small business debtor" is defined as "a person engaged in commercial or business activities . . . ."[14] Whether Debtor falls under the statutory definition of "small business debtor" as defined by Small Business Reorganization Act of 2019 is not at issue. What is at issue is whether Two Wheels Properties, LLC., a corporate entity dissolved pre-petition by

---

upon the Judicial Branch posed by Section 157(b)(2)...."),
[11] *In re ABZ Ins. Servs.*, 245 B.R. 255, 261–62 (Bankr. N.D. Tex. 2000).
[12] *In re Am. Heartland Sagebrush Secs. Invs., Inc.*, 334 B.R. 848, 852–53 (Bankr. N.D. Tex. 2005).
[13] 11 U.S.C. § 109(d).
[14] 11 U.S.C. § 101(51D); *See also* 11 U.S.C. § 1182(1).

forfeiture of its corporate charter, is eligible to be a debtor in a chapter 11, subchapter V bankruptcy case.

Resolution of that question hinges on state law.[15] Here, pre-petition, Debtor's corporate privileges were forfeited pursuant to Texas Tax Code section 171.251,[16] which provisions that the Texas Comptroller must forfeit the corporate privileges of a corporation for failure to file a report or failure to pay franchise taxes.[17] The effect of a forfeiture under section 171.251 is that (1) the corporation shall be denied the right to sue or defend in a court of this state; and (2) each director or officer of the corporation is liable for a debt of the corporation.[18] One hundred and twenty days after corporate privileges are forfeited, the comptroller certifies the name of the corporation to the Texas Attorney General and Texas Secretary of State[19] and the attorney general then brings suit to forfeit the corporation's charter, if a ground exists for the forfeiture of the charter.[20]

Despite those provisions, Debtor points this Court to Texas Business Organizations Code section 11.356 which states that:

> (a) Notwithstanding the termination of a domestic filing entity under this chapter, *the terminated filing entity continues in existence until the third anniversary of the effective date of the entity's termination only for purposes of*:
>
> > (1) prosecuting or defending in the terminated filing entity's name an action or proceeding brought by or against the terminated entity;
> >
> > (2) permitting the survival of an existing claim by or against the terminated filing entity;

---

[15] *In re A Car Rental*, 166 B.R. 869, 870 (Bankr. S.D. Tex. 1993) ("Whether a dissolved corporation is eligible to be a debtor in bankruptcy is determined by reference to state law.").
[16] ECF No. 31, Ex. 1.
[17] TEX. TAX CODE § 171.251.
[18] *Id.* § 171.252.
[19] *Id.* § 171.302.
[20] *Id.* § 171.303.

> (3) *holding title to and liquidating property that remained with the terminated filing entity at the time of termination or property that is collected by the terminated filing entity after termination*;
>
> (4) *applying or distributing property, or its proceeds*, as provided by § 11.053 (Property Applied to Discharge Liabilities and Obligations); and
>
> (5) settling affairs not completed before termination.
>
> (b) A terminated filing entity may not continue its existence for the purpose of continuing the business or affairs for which the terminated filing entity was formed unless the terminated filing entity is reinstated under Subchapter E.
>
> (c) If an action on an existing claim by or against a terminated filing entity has been brought before the expiration of the three-year period after the date of the entity's termination and the claim was not extinguished under § 11.359 (Extinguishment of Existing Claim), the terminated filing entity continues to survive for purposes of:
>
> > (1) the action until all judgments, orders, and decrees have been fully executed; and
> >
> > (2) the application or distribution of any property of the terminated filing entity as provided by § 11.053 (Property Applied to Discharge Liabilities and Obligations) until the property has been applied or distributed.[21]

This statute, argues Debtor, permits it to "continue in existence until the third anniversary of the effective date for limited tasks such as liquidating, applying or distributing property."[22] Thus, Debtor asserts, it is properly a debtor in the instant case.[23]

The inquiry, however, does not end there. The court in *In re ABZ Insurance Services*, the only case favorably cited by Debtor, considered an entity's ability to file a chapter 7 bankruptcy petition.[24] As pointed out by the United States Trustee in its responsive brief, distinguishing between chapter 7 and chapter 11, subchapter V relief is important because of the provisions of sections 11.053, 11.356, and 11.201 of the Texas Business Organizations Code.[25] As correctly

---

[21] TEX. BUS. ORGS. CODE § 11.356 (emphasis added).
[22] ECF No. 31.
[23] *Id.*
[24] *In re ABZ Ins. Servs.*, 245 B.R. 255, 257.
[25] ECF No. 42.

recited in Debtor's brief, by statute, forfeited entities retain limited survivability after termination.[26] However, an entity's limited survivability persists for the entity to wind up, for which there exists a statutory procedure that includes ending the business and liquidating the business's property to discharge all of the entity's liabilities and obligations.[27]

Additionally, Debtor cannot reinstate its corporate charter under sections 11.2011 and 11.356(b) of the Texas Business Organizations Code because "[a] terminated filing entity may not continue its existence for the purpose of continuing the business or affairs for which the terminated filing entity was formed unless the terminated filing entity is reinstated under Subchapter E."[28] And "[a] terminated entity may not be reinstated under this section if the termination occurred as a result of . . . forfeiture under the Tax Code."[29] Debtor's corporate charter was forfeited for failing to report and pay franchise taxes. Thus, its termination occurred as a result of forfeiture under the Texas Tax Code and Debtor cannot continue the business or affairs for which it originally formed and it cannot reinstate its charter. Debtor may only wind up and apply its property to its liabilities and obligations.

### III. Conclusion

An entity that forfeits its corporate charter is permitted to prosecute a chapter 7 bankruptcy case within 3 years of such forfeiture[30] because it is liquidating its assets to satisfy its liabilities and obligations. Here, Two Wheels Properties, LLC cannot properly be a debtor under chapter 11, subchapter V, to the extent it seeks to continue its business or affairs through the pendency of this case and post-confirmation of any plan of reorganization. Thus, this case will be dis-

---

[26] *See* TEX. BUS. ORGS. CODE § 11.356.
[27] *See* TEX. BUS. ORGS. CODE § 11.053.
[28] TEX. BUS. ORGS. CODE § 11.356(b) (citing to TEX. BUS. ORGS. CODE § 11.201 *et seq.*).
[29] TEX. BUS. ORGS. CODE § 11.201(b)(3).
[30] *See In re Am. Heartland Sagebrush Secs. Invs., Inc.*, 334 B.R. at 853 (construing the "limited survivability" statute and stating "[o]ne of the allowed purposes is the liquidation and distribution of assets, as is contemplated by a chapter 7 filing.").

missed.

An order consistent with this Memorandum Opinion will be entered on the docket simultaneously herewith.

SIGNED 12/30/2020.

_____
Eduardo V. Rodriguez
United States Bankruptcy Judge